## WINFIELD vs. HENNING.

1. A covenant in a deed, "it being expressly understood and agreed, that the houses which may be erected on Gilbert street, shall be set back ten feet from the southerly line of said street," is a covenant running with the land, and binds not only those who derive title from the covenantors, but also their grantees.

2. At law, the purchaser of one of these lots from the grantee could not enforce this covenant against the purchaser of another of them. But, in equity, its observance will be enforced in his favor.

On motion to dissolve injunction, upon bill and answer.

*Mr. Dixon*, in support of the motion.

*Mr. Ransom*, contra.

THE CHANCELLOR.

The complainant owns a house and lot on the south side of South Fifth street, formerly called also Gilbert street, in Jersey City. The defendant owns a house and lot adjoining it on the west, and on the corner of South Fifth street and Coles street. These lots are part of a tract of one hundred feet square, at the southeast corner of Coles street and South Fifth street, which was conveyed by the devisees of John B. Coles to Keeney and Wheeler, on the first of May, 1854. In the deed the premises were designated by numbers, as four lots fronting on South Fifth or Gilbert street, and the deed contained this provision: "It being expressly understood and agreed that the houses which may be erected on Gilbert street, shall be set back ten feet from the southerly line of said street."

In May, 1857, Keeney conveyed his interest in this tract to Wheeler, who afterwards erected on it five two story houses of twenty feet front on South Fifth street, ten feet from the south line of the street. After they were built in

May, 1858, he conveyed the house and lot of the complainant to a grantee, through whom the complainant derives title, and one year after this he conveyed the house and lot of the defendant to a grantee, through whom the defendant claims title. The stipulation as to the placing houses ten feet from the street, is not contained in any deed after that to Keeney and Wheeler. The grantors in that deed owned a large number of lots in the vicinity, some of which were on the opposite side of the street, and retained them after the deed to Keeney and Wheeler.

The defendant, in May, 1870, commenced erecting an addition to the dwelling-house on his lot, which would occupy the ten feet between it and the street, by which the westerly view or prospect from the front, of the complainant's house is cut off. The injunction restrains the defendant from proceeding with, or completing that building.

The two questions in the case are, whether the defendant is bound by the stipulation or covenant in the deed from the Coles family, and if he is, whether the complainant has any right to compel its performance?

The provision or covenant in the deed is not like that in *Spencer's case*, 5 *Rep.* 16, as was urged on the argument. It does not relate to something collateral to the land, but to the land conveyed itself. In that case the covenant was to erect a brick wall on an adjoining lot. Nor does it relate to a thing not *in esse*, as a wall to be built; but it relates to the ten feet of the tract next to the street, and the negative stipulation not to erect houses on that is, in its legal effect, to keep it free from buildings; this is the only legal effect of the covenant; it does not oblige the grantees or their assigns to erect buildings at that distance, or to erect any houses at all.

The stipulation names no one as bound, neither the grantees, their heirs or assigns, but it is annexed to the land and the grant o a d must therefore be co-extensive with the estate gr which is to them, their heirs and assigns. In a suit e grantors there could be no question but that this ation would be enforced against any

owner of this tract, or any part of it, who derived his title through this deed.

The question whether the complainant is entitled to enforce this stipulation, is not so clear. If any purchaser of the other lots retained by the Coles family at the giving of this deed, and injured by this erection, was the complainant, the authorities are numerous and decided, that he would be entitled to the benefit of this stipulation. *Tulk* v. *Moxhay*, 11 *Beav.* 571; *S. C.*, 2 *Phil.* 774; *Barron* v. *Richard*, 3 *Edw. Ch.* 96; *Hills* v. *Miller*, 3 *Paige* 254.

But in this case both parties derive title from the covenantors, and not from the covenantee, and the question is, whether they are bound to each other by the covenants which Wheeler entered into with the Coles family, for the benefit of the property which they retained. An action at law could not be maintained by the complainant against the defendant on such covenant. But in equity their position is different. Both parties are bound to the grantors in the Coles deed to keep this front free from buildings; each is subject to the easement over his lot, in favor of those subsequently deriving title from Coles, and each is equitably and justly entitled to the advantage which the observance of this stipulation by his neighbor may be to him. If all were relieved from the encumbrance, none perhaps could complain. But to be restrained from extending his own building to the street, and to have his neighbor on each side project in front of him, would be a much greater grievance to any of these lot owners, than was contained in the stipulation in the deed through which he derived title; and he has no power to compel the grantors to enforce the covenant. It seems equitable that this court should, at his instance, compel the observance of this covenant. This view is supported by the dictum of Lord Romilly, in a case heard before him at the Rolls, in 1866, *Western* v. *Macdermot*, 1 *Eq. Cases* (*L. R.*) 507; and by a decision of the Supreme Court of Rhode Island. *Greene* v. *Creighton*, 7 *R. I. R.* 1.

This easement was in existence at the time of the convey-

ance of the complainant's lot by Wheeler, who still retained the lot of the defendant, which was the dominant tenement; and this space being left open in compliance with a covenant or stipulation, binding on both lots, it might be held to be an apparent and continuous easement, to which the part retained was thus made subject.

The motion to dissolve must be denied.