Mulligan v. Jordan.

ANNIE C. MULLIGAN

v.

MARGARET A. JORDAN.

The right of grantees from a common grantor to enforce, *inter se*, covenants entered into by each with said grantor, is confined to cases where there has been proof of a general plan or scheme for the improvement of the property, and its consequent benefit, and the covenant has been entered into as part of a general plan to be exacted from all purchasers, and to be for the benefit of each purchaser, and the party has bought with reference to such general plan or scheme, and the covenant has entered into the consideration of his purchase.

On bill, answer, replication and proofs in open court.

*Mr. Alfred Hugg*, for the complainant.

*Mr. Clarence L. Coe* and *Mr. Joseph Thompson*, for the defendant.

GREEN, V. C.

Complainant is the owner of a house and lot on North Carolina avenue, at Atlantic City, which she purchased from Elijah Roberts in 1889. Her deed contains a covenant that no building of any description shall ever be erected or placed upon the said lot nearer the westerly curb line of North Carolina avenue than forty-one feet—that is, from the curb line to the front of the main building.

She erected a cottage upon this property. Subsequent to the complainant's purchase and deed the defendant purchased the premises adjoining on the east from Mr. Roberts, and her deed also contains the same covenant.

She proceeded to erect a cottage upon her lot, which was completed in January, 1890. It has a piazza in front, and a covered way extending from the piazza to the street.

This action is brought by the complainant seeking to enforce the restrictive covenant against the defendant, on the allegation that the defendant has violated it by building within the prescribed limits, alleging that the bay-window of defendant's house, as well as the piazza and the covered way, are such violation. She ask a mandatory injunction requiring the defendant to move the house back, and for the removal of such erections as are within the prescribed limits. The defendant first raises the question whether this action can be maintained by the complainant. The complainant's deed is prior to that of the defendant; there is no covenant to the complainant from Mr. Roberts, the grantor, that he holds the remainder of the property subject to the same restrictions, or that he will exact similar covenants from the purchasers of the remaining property, nor is the complainant the express assign of defendant's covenant with Mr. Roberts, nor is there any covenant between the complainant and the defendant.

The right of an owner of a lot to enforce a covenant (to which he is not a party or an assign) restrictive of the use of other lands is dependent on the covenant having been made for the benefit of this lot. Obviously, while a subsequent purchaser might, by the operation of this rule, acquire a right of action against a prior purchaser, the prior purchaser would acquire no rights from a covenant entered into by a subsequent purchaser, unless there exists some condition which will entitle him to the benefit of such covenant.

The right of grantees from the common grantor to enforce, *inter se,* covenants entered into by each with said grantor is confined to cases where there has been proof of a general plan or scheme for the improvement of the property and its consequent

benefit, and the covenant has been entered into as part of a general plan to be exacted from all purchasers, and to be for the benefit of each purchaser, and the party has bought with reference to such general plan or scheme, and the covenant has entered into the consideration of his purchase. *De Gray* v. *Monmouth Beach Club House Co.,* *5 Dick. Ch. Rep. 329.* In this case nothing appears to indicate that this covenant was enacted by Mr. Roberts or entered into by the parties for the benefit of complainant's property, or other than for the benefit of Mr. Roberts and his heirs at law, the only fact which appears being an admission made by counsel, at the end of the case, that the same covenant is incorporated in the deeds of the complainant and defendant, and that Mr. Roberts has inserted the same covenant in each deed he made conveying any portion of the property. This has been held not to be sufficient evidence of the covenant, having been entered into for the benefit of other lands conveyed by the same grantor. *Jewell* v. *Lee, 14 Allen 145; Sharp* v. *Ropes, 110 Mass. 381; Keates* v. *Lyons, L. R. (4 C. A.) 418; Renals* v. *Colishaw, 11 Ch. D. 866,* and other cases cited in *De Gray* v. *Monmouth Beach Club House Co., 5 Dick. Ch. Rep. 329.*