## EMMA KATE ROSS

*v.*

## FRANK A. DUFFY et al.

[Decided December 6th, 1920.]

Mandatory injunction will be granted against a grantee who, with knowledge and against protest, built on his lot nearer than twenty-five feet from the street, in violation of a building restriction contained in a recorded deed to his grantor, which by its terms binds all successors and assigns.

On bill for mandatory injunction. Heard on pleadings and proofs.

*Messrs. Kellogg & Chance,* for the complainant.

*Mr. Nathan R. Leavitt* and *Mr. Schuyler M. Cady,* for the defendants.

LEWIS, V. C.

This is a suit for an injunction to restrain the violation of a building restriction forbidding the erection of a building within twenty-five feet of the front street line, and to compel a compliance with the restriction. The restriction is set forth in a deed, which is in evidence, conveying a certain tract of land at the southwesterly corner of Second avenue (as widened) and Walnut street, in the borough of Roselle, Union county, New Jersey, from Emma Kate Ross and P. Sanford Ross, her husband, to the Clio Club, a corporation, dated May 25th, 1910, and is as follows:

"And subject, nevertheless, to and this indenture is made upon these express conditions, covenants and restrictions, which the said party of the second part, for itself, its successors and assigns, does covenant and agree to observe, perform and keep as part of the consideration of this

conveyance, and also as a charge upon the said lands and premises to it hereby conveyed; that is to say, that it, the said party of the second part, its successors or assigns, or any of them, shall not at any time hereafter erect, suffer or permit any buildings 'of whatever kind or description within twenty-five feet of the front of said lands hereby conveyed on the aforesaid streets and avenues, but the said frontage of twenty-five feet on the aforesaid streets and avenues is hereby expressly restricted to the uses and purposes of courtyards, and shall not be devoted to any other uses or purposes whatever."

The deed was recorded in the Union county register's office on June 29th, 1910, in Book 550 of Deeds, pages 504, &c.

The premises thus conveyed were a part of a tract of land previously conveyed to the said Emma Kate Ross by the Roselle Land and Improvement Company, by deed containing the same restriction, dated June 1st, 1885, and recorded in the office of the clerk of the county of Union on November 17th, 1885, in Book 178 of Deeds, pages 249, &c.

Later, the Clio Club conveyed to the defendant Frank A. Duffy, but without expressly including the restriction in its deed to him.

Duffy, however, had actual knowledge of the restriction, and, of course, was unquestionably charged with constructive notice of it by the prior recorded deeds.

In fact, there is no denial either of the existence of the restriction or of its violation. Defendants, however, seek to justify the violation and to maintain their right to have the building in question erected within the restricted area because of (1) the laches of complainant; (2) the general disregard of the restriction by others; (3) the insignificant injury resulting to complainant; (4) the serious inconvenience and expense resulting to defendants.

It is clear that the building was erected in violation of the restriction, with full knowledge of the complainant's rights and the assertion thereof; and that the builder proceeded at his peril, contending that he was right in his interpretation of the restriction; and completed the building even after this suit was commenced in order to determine whether he was right or wrong.

It is not like the case of *Winslow* v. *Newcomb, 100 Atl. Rep. 613*, where defendant acted in ignorance of complainant's rights

and complainant stood by and permitted him to proceed to his disadvantage; but is more nearly in accord with *Bridgewater* v. *Ocean City Railway Co., 62 N. J. Eq. 276; affirmed, 63 N. J. Eq. 798.* There, Vice-Chancellor Grey (at *p. 292* of the Chancery Report), said:

"The defence that the complainant stood by and suffered the defendants to spend their money is dependent upon another circumstance, and that is, that the defendants must, in order to avail themselves of that defence, have acted in ignorance of the complainant's rights upon which they intruded. If a party has notice that he is building in another's lands, or in derogation of another's rights, he proceeds at his own peril. * * * Slight inquiry by the defendants would have disclosed to them what their use was, if they were, in fact, at any time ignorant of it. The defendants were fully notified by all these circumstances of the outstanding covenant, and were bound by it as was the original covenantor."

See also *Sanford* v. *Keer, 80 N. J. Eq. 240.*

In the light of this, the points urged by defendants in defence of the action cannot prevail.

I conclude that the complainant is entitled to a mandatory injunction as prayed for, and will so advise.