This is a bill to enforce a restrictive building covenant contained in a deed made by the complainants to the defendant Mesnick, dated December 1st, 1921, and duly recorded in the office of the register of deeds of Passaic county, in which county the lands involved are located. The deed conveyed three contiguous tracts of land situated on Van Houten avenue, in the city of Passaic, immediately adjoining property then and still owned by the complainant Minnie E. Clough, and which she and her husband occupied as their residence. The properties are located in a high-class *Page 483 
residential neighborhood, where the houses have been built with considerable open ground space around them. This is clearly shown both by the testimony and by the exhibits offered in the case. The property in which the complainants reside, and which was retained by them at the time of the conveyance to Mesnick, is located at a distance of forty feet from the Van Houten avenue line. When complainants conveyed to Mesnick the tract next adjoining that retained by the complainants was restricted to a like forty-foot house line. The second tract from the complainants' property, which is the tract involved in the present suit, was restricted to a thirty-foot building line. The third tract, which is nearest the corner of the intersecting street, has no restrictions. The restriction in complainants' deed covering the second tract is as follows:
"That no building for manufacturing or mercantile purposes shall be erected thereon, and that any dwelling-house erected thereon shall stand back at least thirty (30) feet from the northeasterly line of Van Houten avenue."
The restriction covering the tract next adjoining complainants' land is in the same language, except that the house line is forty feet from the Van Houten avenue line, instead of thirty feet.
Subsequent to the recording of complainants' deed to Mesnick, the second tract, having the thirty-foot restriction, was conveyed by Mesnick to the defendants Glass and Stemer, but without restriction, and immediately thereafter Mesnick contracted with the other defendants for the erection on that second tract of a two-family dwelling-house. Shortly after the building was commenced the complainants filed their bill to restrain its construction in the manner in which it was being erected, alleging that it violated the restrictive covenant above quoted.
On the preliminary application no ad interim restraint was imposed, but the court indicated to defendants that if they proceeded with the construction of the building pending final hearing and the determination of the suit they would do so at their peril, and if it should be determined *Page 484 
that the building, as constructed, was in violation of the restriction, the encroachment would have to be removed.
The facts are not materially in dispute, and it is conceded that the main foundation wall of the house in question does stand back thirty feet from the northeasterly line of Van Houten avenue. It is also conceded that a two-story front porch, covering almost the entire width of the building, extends beyond the front house line and out into the restricted area, a distance of thirteen and one-half feet; and it appears that about sixty-two per cent. of its construction, measured vertically, is enclosed, and it is roofed over nearly to the height of the gable of the main house roof. This is plainly shown by the photograph"Exhibit C 4," and the blueprint "Exhibit W-D 1 1/4."
The several steps leading up to the porch extend further into the restricted area towards the Van Houten avenue line. The testimony is somewhat conflicting in respect to the specific nature of the construction of the porch and its severability from the main house structure, and the substance of the contention of the defendants, whereby they seek to justify the plan of construction, is that the porch is what should be held to be technically "an open porch," which, they assert, is permissible under our decisions.
The complainants, on the other hand, contend that, irrespective of what the adjudications may have determined in this respect, the porch is not an open porch, but it palpably and obviously a part of the building itself, and that the present construction is violative of the restrictive covenant, in that the house erected on the tract in question does not stand back at least thirty feet from the northeasterly line of Van Houten avenue.
I am inclined to accept the contention of the complainants.
The purpose of the restriction, as shown by the testimony of the complainant Minnie Clough, who was the owner of the whole tract at the time of the conveyance to Mesnick, was to protect her property, and that the reason why she reduced the house line limit on the tract in question was because Mesnick said to her, "Have a heart, and let me put a new house but one from you thirty feet back." *Page 485 
Aside from the testimony of the complainant in that respect, I think that it is clear from the general character of the neighborhood that a reasonably uniform house line and correspondingly uniform open ground area would be obviously beneficial to the property retained by the complainant. I do not see how it is possible to consider the testimony of the witnesses in the case, and to observe the photographic and blueprint exhibits offered in evidence and reach any other conclusion than that the building in question does not "stand back at least thirty feet from the northeasterly line of Van Houten avenue," and that it encroaches upon the restricted area as at present constructed from the main foundation wall line outward towards Van Houten avenue.
This being so, the right of the complainants to the relief prayed for is clear. Winfield v. Henning, 21 N.J. Eq. 188;Coudert v. Sayre, 46 N.J. Eq. 386; Bowen v. Smith, 76 N.J. Eq. 456,
and cases there cited; Ross v. Duffy, 92 N.J. Eq. 318;Hemsley v. Hotel Co., 62 N.J. Eq. 164; affirmed, 63 N.J. Eq. 804.
I will therefore advise a decree for the complainants in accordance with these views.