In or about the year 1913 a development company acquired a small tract of land in the borough of Chatham and proceeded to divide it into parcels for sale to the public. There was laid out, among others, a thoroughfare called Minton avenue, which, at its northerly end, was intercepted by an old existing highway called Main street, a short distance east of the business centre of the borough. It is upon this street that the property of the complainants is located. Some, if not all, of the complainants have erected homes. In every instance the original grantor inserted in the deeds held by some of the complainants, and through which the others took *Page 164 
title, a restrictive covenant in which the grantee agreed, among other things, not to use "the said premises for any other purpose than a single or double dwelling." Long afterward, namely, in 1921, the development company entered into a contract to convey three other lots to one Wulff. These last-mentioned lots do not face upon Minton avenue, but have a frontage on Main street, and only the most easterly of them abuts on Minton avenue; but they are very close to the lots owned by the different complainants. The contract provided for the payment of the purchase price by Wulff in installments, upon which he fell into arrears and finally escaped from his difficulty by securing a contract from the defendant Willis K. Howell to purchase the three lots which he was under contract to buy from the development company. Thereupon, the said company conveyed to Wulff, on December 20, 1924, and Wulff, in turn, conveyed to the defendant just named, who intends to erect upon the premises so obtained a building and the necessary equipment for the sale of fuel and oil to owners of automobiles and the performance of such ordinary service as a car may, from time to time, require, while being driven along the highway. In the two last-mentioned conveyances whereby this defendant acquired title, no restrictive covenant was included of the kind inserted in the deeds by or through which the complainants took from the common grantor.
The prayer of the bill is for an injunction to prevent the said defendant from erecting the proposed improvement or any other except "a single or double dwelling-house." It is impossible to conceive of any theory upon which the prayer can be granted. In a nutshell, the difficulty may be expressed by saying that the bill is framed to enjoin the violation of a restrictive covenant when no such covenant exists. The complainants rely upon the pronouncement of the court of errors and appeals in Scull v.Eilenberg, 94 N.J. Eq. 759. In that case, however, both parties took title under deeds, each of which contained the agreement that was the basis of the suit, while here, as just pointed out, no such covenant appeared, either in the defendant's deed or that through *Page 165 
which he took. Without retracing the history of the rule, as was done so elaborately by Vice-Chancellor Green in De Gray v.Monmouth Beach Club House Co., 50 N.J. Eq. 329, it is sufficient to say that if the original grantor does not bind himself by a covenant such as the one under consideration, then his grantee, having no right of action against the grantor, cannot pursue any other grantee to whom the latter maysubsequently convey the remaining land, either in whole or in part. A subsequent grantee can enforce such a covenant against a prior grantee of another lot, but a prior grantee cannot enforce the covenant against a subsequent grantee. Leaver v. Gorman,73 N.J. Eq. 129. To this rule there is, however, an exception too well established in this state to be questioned, which permits a prior grantee to enforce the covenant against a subsequent grantee where the purpose of including the condition in the defendant's deed, or one through which he takes with notice, is to carry out a general plan or scheme for the development of all of the original grantor's property thus to be sold. It is within this exception that the complainants seek to bring themselves. The trouble is, however, that the exception is only applicable to those cases where the defendant takes title subject to a restrictive covenant in his deed, or with notice of such a covenant in the deed from the original grantor through whom he acquires title by mesne conveyances. In Scull v.Eilenberg, supra, the language of Mr. Justice Katzenbach (atp. 761) shows that the defendant's as well as the complainants' title was encumbered by similar restrictions. Furthermore, as Judge White pointed out in the concurring opinion, the covenant in that case expressly conferred the power to enforce the restriction by grantees, inter sese, by "the owner or owners of any lot or lots adjoining in the neighborhood of the premises hereby granted, deriving title from or through the said Chelsea Beach Company" (the common grantor). There is a sharp distinction in all the cases following Tulk v. Moxhay, 11 Beav. 571, such as Winfield v. Henning, 21 N.J. Eq. 188, where there was a covenant for the benefit of the grantor (not grantee), and subsequent purchasers took *Page 166 
the very same land, with notice thereof. In De Gray v.Monmouth Beach Club House Co., supra; Mulligan v. Jordan,50 N.J. Eq. 363; McNichol v. Townsend, 73 N.J. Eq. 276; Leaver v.Gorman, supra; Henderson v. Champion, 83 N.J. Eq. 554, and a host of others, the difference between them and the case at bar is the same that renders inapplicable the decision in Scull v.Eilenberg, supra, namely, that there was a restrictive covenant in the deed or the chain of title through which the defendant took. There being no such restriction upon the defendant Willis K. Howell's dominion over his property, an injunction should not go.
This makes it unnecessary to deal at length with the points advanced by the complainants as evidence of a general scheme having existed at the time they and each of them purchased. It may be that a gross fraud was practiced upon them by others, but there is nothing in the bill to show that the defendants, or either of them, even had any knowledge thereof, not to mention part therein. They are not responsible for fraudulent inducements held out by others to persuade the complainants to buy their land, even though the others were the officers and agents of the common grantor of all the parties, but respecting lands other than those purchased by the defendant Willis K. Howell.
The determination above expressed renders it unnecessary to discuss any other points advanced upon the argument by the defendants, or the allegations by the complainants of representations of "reasonable residential restrictions," or collusion in the conveyance to Wulff.
The order to show cause should be discharged and the restraint dissolved. *Page 167