This is a bill to quiet title under the statute. 4 Comp. Stat.p. 5399. Henry Kohl, one of the defendants, owned a tract of land fronting on Gifford avenue, in Jersey City, New Jersey. In 1923 he conveyed it to the defendant Harry Jaffe. The deed contained the following restrictive covenant:
"Subject further, to the condition that no building shall be constructed or erected upon said premises, or any part thereof, nearer than fifteen feet to the building line of Gifford avenue."
A purchase-money mortgage for $60,000 was given by the purchaser to the vendor Kohl. Both the deed and the mortgage were duly recorded. Later Jaffe conveyed the premises *Page 455 
to the Realty Security Corporation, one of the defendants, which, in turn, subsequently conveyed to the South Centre Realty Company. The restrictive covenant was included in these mesne conveyances, and also in the purchase-money mortgage given to the defendant Kohl. The property was finally conveyed to the complainant by the South Centre Realty Company by a deed which omitted the restrictive covenant.
It is admitted that the defendant Kohl owns no other property in the near vicinity of the premises thus conveyed. Complainant, therefore, contends that Kohl has no interest or right which will permit him to enforce the restrictive covenant, and that, therefore, the restriction should be declared by this court, under the statute, to be inoperative and non-existent, and that the title to the premises affected by it should be cleared and freed therefrom.
It does not appear that this covenant was intended to further or benefit any neighborhood plan of restrictive development, and it is admitted that at least on one side of the property in question a building has been erected beyond the fifteen-foot line fixed by the present restriction. The parties to the suit, therefore, are only those who appear in the chain of title following the Kohl deed. For some reason that does not appear the South Centre Realty Company, the immediate grantor of the complainant, has not been made a party. None of the defendants have answered except Henry Kohl. He, also, sought by counter-claim to restrain a violation of the restrictive covenant, claiming that right by virtue of the purchase-money mortgage referred to. Subsequent to the filing of the bill, however, this mortgage was paid off, and complainant now contends that the answering defendant Kohl has no equity to object to the relief prayed for.
In this posture of the case counsel for this defendant concedes that because of the fact that Kohl owns no other land in the near vicinity of the property in question, he is not in a position to object to the removal of the restriction upon the use of the property created by the covenant. He insists, however, that the covenant itself, which runs with the land, and binds subsequent grantees with notice, is to be differentiated from the restriction upon the use of the land, and that this *Page 456 
court cannot impair the obligation of that covenant. Genung v.Harvey, 79 N.J. Eq. 57; De Gray v. Monmouth Beach Co., 50 N.J. Eq. 329
(citing Hall v. Erwin and Tulk v. Maxhay);National Union Bank v. Segur, 39 N.J. Law 173; Winfield v.Henning, 21 N.J. Eq. 188; Kirkpatrick v. Peshine, 24 N.J. Eq. 206; Howland v. Andrus, 80 N.J. Eq. 276; Hodge v. Sloan,107 N.Y. 244; Rector, c., of St. Stephens' Church v. Rector, c.,of Church of Transfiguration, 201 N.Y. 1.
Kohl contends, therefore, that if the lands are to be freed from the operation and effect of the restrictive covenant, it should be upon terms that he should be compensated by complainant for whatever loss he may be able to show he has sustained as a result of the wiping out of the restriction which he imposed when he conveyed the land. He says, and asserts, that he can prove that he could have sold the property for a much greater price without the restriction than with it, and claims, therefore, that no subsequent grantee should be permitted in equity to reap the benefit of that increased value by disregarding the covenant; but that that increment should accrue to the benefit of himself as the original grantor imposing the restriction.
It seems to me that this defendant's contention is in conformity with the maxim that he who seeks equity should do equity; and I am, therefore, of the opinion that complainant is entitled to the relief prayed for under the statute, freeing the title to the lands from the cloud of the restrictive covenant; but that this relief should be granted only upon terms that the defendant Kohl be reimbursed for what he may be able to prove he sacrificed by way of consideration through the imposing of the restrictive covenant. This, to my mind, becomes more manifestly equitable in considering the fact that Kohl cannot maintain an action at law for damages until there has been an actual breach of the covenant by the erection of a structure within the prohibited fifteen-foot area, and that his right to so sue at law for a breach of the covenant would perish by the unqualified extinguishment of that covenant as sought by the complainant; for it seems irrefutable that at law no action could lie for the breach of a non-existent covenant. *Page 457 
As was said by Lord Cottingham, in Tulk v. Moxhay, supra:
"Of course the price would be affected by the covenant, and nothing could be more inequitable than that the original purchaser should be able to sell the property the next day for a greater price, in consideration of the assignee being allowed to escape from the liability which he had himself undertaken."
As between the parties, therefore, I will advise a decree in accordance with these conclusions, and counsel may arrange to take proofs with respect to the compensation to which the defendant Kohl claims he is entitled, either in open court or upon reference, as may be deemed most expedient.